UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. |
| Plaintiff, | 08 MJ 1739 |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Michael Paul DITTMAN,** | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **June 1, 2008,** within the Southern District of California, defendant **Michael Paul DITTMAN** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Juan Carlos LOPEZ-Santiago, Rubicelia LOPEZ-Mejia,** and **Silvia HERNANDEZ-Luis** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **3rd** DAY OF **JUNE, 2008**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Michael Paul DITTMAN**

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Juan Carlos LOPEZ-Santiago, Rubicelia LOPEZ-Mejia,** and **Silvia HERNANDEZ-Luis** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On June 1, 2008, at approximately 9:40 PM, Senior Patrol Agent M. Cavender was conducting his primary inspection duties with Senior Patrol Agent T. Ward and Agency Canine Gino in the pre-primary position at the U. S. Border Patrol Immigration Checkpoint on State Route 94 located in Jamul, California. All lights and warning signs were in place and operational. At this time a silver Mitsubishi Diamante approached their position. Agent Cavender remembered the description and plate number of the Mitsubishi from a report given several days prior by Supervisory Border Patrol Agent Pontes of a Mitsubishi that was parked in a parking lot known as the "Three Dollar Lot" for several days. The "Three Dollar Lot" is located just north of the Tecate, California Port of Entry.

When the Mitsubishi approached the primary position, Agent Cavender motioned for the vehicle to stop and when it did so, he identified himself as a Border Patrol Agent and inquired as to the citizenship of the driver, later identified as defendant Michael Paul DITTMAN. The defendant stated that he was a citizen of the United States.

At this time, Agent Ward was conducting preprimary sniffs with his Agency canine Gino. Agent Ward introduced Gino to the Mitsubishi and watched as Gino alerted and indicated to the rear trunk area of the vehicle. Agent Ward informed Agent Cavender of a Canine alert to the vehicle. Agent Cavender directed the defendant to the secondary inspection and was asked if he would step out of the vehicle and open the trunk for an inspection. The defendant walked to the rear of the vehicle and opened the trunk. Agent Cavender observed four individuals trying to conceal themselves in the trunk space of the vehicle. All four individuals were questioned as to their citizenship. All four individuals admitted to being citizens and nationals of Mexico, illegally present in the United States without proper documents. At 9:45 PM, the defendant and the four illegal aliens were arrested and escorted into the SR-94 Checkpoint for processing.

**DEFENDANT STATEMENT:**

DITTMAN was advised of his Miranda Rights. DITTMAN stated that he understood his rights and was willing to answer questions without an attorney present. DITTMAN stated that he met an unknown man in San Diego, California and was asked by this man if he wanted to make some easy money passing people. DITTMAN agreed and was given the keys and a description of the vehicle and told to wait in the parking lot just south of the Border Patrol Station in Tecate, California. DITTMAN was told he would receive a phone call when the illegal aliens were ready for pick up. DITTMAN stated that he received a phone call and was told that the illegal aliens were just north of the car lot in Tecate, California. DITTMAN stated he got out of the car and opened the trunk. DITTMAN stated four illegal aliens ran out of the brush and got into the trunk of the vehicle. DITTMAN stated that he was going to be paid $250.00 per illegal alien. DITTMAN stated that he was to receive instructions from the unidentified individual by phone regarding where to take the aliens once he got them through the checkpoint.

**CONTINUATION OF COMPLAINT:**
**Michael Paul DITTMAN**



### MATERIAL WITNESSES STATEMENTS:

Material witnesses **Juan Carlos LOPEZ-Santiago, Rubicelia LOPEZ-Mejia,** and **Silvia HERNANDEZ-Luis** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were to pay a fee to be smuggled into the United States.